**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1320**

SLOAN PLEASANTS,

             Plaintiff – Appellant,

     v.

ROBERT RIGSBY, sued in his individual capacity,

             Defendant – Appellee,

     and

TOWN OF LOUISA,

             Defendant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:11-cv-00032-NKM-RSB)

Argued:  January 28, 2015                Decided:  March 2, 2015

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion in which Judge Duncan and Judge Keenan joined.

**ARGUED**: Jeffrey Edward Fogel, Charlottesville, Virginia, for Appellant.  Maurice Scott Fisher, Jr., HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond, Virginia, for Appellee.  **ON BRIEF**: Steven D. Rosenfield, Charlottesville, Virginia, for Appellant.  Jeremy D. Capps, David P. Corrigan, HARMAN, CLAYTOR, CORRIGAN &

WELLMAN, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Sloan Pleasants appeals from the summary judgment entered against her on her claim that Officer Robert Rigsby falsely arrested her, in violation of the Fourth Amendment. For the following reasons, we affirm.

I.

Pleasants filed this action pursuant to 42 U.S.C. § 1983, alleging that Officer Rigsby, of the Town of Louisa Police Department, unlawfully entered her home and arrested her for assault and battery against a family member. Pleasants asserted causes of action against the Town of Louisa for failure to train and against Officer Rigsby for unlawful entry, false arrest, malicious prosecution, and related state law claims.

The Town of Louisa and Officer Rigsby moved to dismiss the complaint pursuant to Rule 12(b)(6). After allowing limited discovery on the unlawful-entry claim,[*] the district court dismissed all of Pleasants' claims. In a prior opinion, we reversed the dismissal of the false-arrest claim and affirmed the dismissal of all other claims. See Pleasants v. Town of Louisa, 524 F. App'x 891 (4th Cir. 2013). We remanded the false-arrest claim for further proceedings because, at the motion to

_____

[*] The court's use of this discovery made the disposition on the unlawful-entry claim a matter of summary judgment.

3

dismiss stage, Pleasants' complaint stated a plausible claim for relief.

On remand, and in light of a more developed factual record, the district court granted summary judgment in favor of Officer Rigsby on the false-arrest claim. The court held that Officer Rigsby was entitled to qualified immunity. Pleasants now appeals that decision.

## II.

We review de novo the district court's grant of summary judgment in favor of Officer Rigsby. Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). We view the evidence and all reasonable inferences from it in the light most favorable to Pleasants, the non-moving party. Id.

Pleasants argues that the district court erred in granting summary judgment to Officer Rigsby because the court improperly based its qualified immunity analysis on disputed facts and inferences drawn in favor of Officer Rigsby. We have carefully reviewed the record and find no error.

The doctrine of qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a two-step inquiry

4

"that asks first whether a constitutional violation occurred and second whether the right violated was clearly established." Henry, 652 F.3d at 531 (quoting Melgar ex rel. Melgar v. Greene, 593 F.3d 348, 353 (4th Cir. 2010)) (internal quotation mark omitted). We need not, however, address these inquiries in that order. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

After considering the summary judgment record, the district court determined that Officer Rigsby is entitled to qualified immunity on Pleasants' false-arrest claim. Exercising its discretion, the court proceeded directly to the second prong of the qualified immunity test. J.A. 161. The court found that regardless of whether probable cause existed for the arrest, a reasonable officer could have believed Officer Rigsby's actions to be lawful, in light of clearly established law and the information that Officer Rigsby possessed. J.A. 161; see Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Having carefully reviewed the record and the parties' arguments, we find no error in the district court's conclusion that Officer Rigsby is entitled to qualified immunity. The summary judgment record demonstrates that at the time of the arrest, Officer Rigsby was faced with a situation involving a distraught and frightened child who was not being allowed to freely talk to others. Officer Rigsby knew that K.P.'s father had complained that Pleasants had prevented him from talking

5

with K.P., and at the scene, Pleasants interrupted Officer Rigsby's attempts to speak to K.P. on several occasions. Further, Officer Rigsby could reasonably believe that the violence described by K.P. was more than normal parental discipline. Based on these facts, a reasonable officer could have believed that Officer Rigsby's arrest of Pleasants was lawful.

III.

For the foregoing reasons, we affirm the grant of summary judgment to Officer Rigsby on the false-arrest claim.

AFFIRMED